FILED
APR 25 2011
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

---

KATHY MUNSEY

    Plaintiff,

v.

HOSTO, BUCHAN,
PRATER & LAWRENCE, PLLC
AKA HOSTO & BUCHAN, LLC

    Defendant.

---

Civil Action No. 3:11-CV-187

Varlan/Guyton

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Kathy Munsey ("Plaintiff"), is a natural person who at all relevant times resided in the State of Tennessee, County of Loudon, and City of

Lenoir City.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Hosto, Buchan, Prater & Lawrence, PLLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Plaintiff received notice on January 4, 2011 of a wage garnishment brought by Defendant for a Washington Mutual credit card in the amount

$2,478.18. However, Plaintiff paid this debt in full on July 21, 2008. Defendant filed a lawsuit to obtain this amount in March of 2009. In response, Plaintiff notified Defendant's agent and/or employee "Mark Sexton" that the account had been paid in full and further provided Defendant with bank records showing such.

12. Defendant accepted Plaintiff's documents and told Plaintiff if she did not hear from Defendant anymore then "everything was fine." Despite being notified that the debt was paid, Defendant continued to falsely represent that Plaintiff owed the debt and is attempting to collect an amount it is not legally entitled to. (15 U.S.C. §§ 1692e(2)(A), 1692e(10), 1692f(1)).

13. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

### COUNT I

14. Plaintiff repeats and re-alleges each and every allegation contained above.

15. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

16. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 22, 2011

Respectfully submitted,

Kathy Munsey

By: _____
Craig J. Ehrlich
Attorney for Plaintiff
Weisberg & Meyers, LLC
1448 Madison Avenue
Memphis, TN 38104
Telephone: (602) 445 9819
Facsimile: (866) 565 1327
Email: CEhrlich@AttorneysForConsumers.com

*Please send correspondence to the address below*

Craig J. Ehrlich
Weisberg & Meyers, LLC
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012